DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on appeal from a judgment of the Erie County Court of Common Pleas. The following facts are relevant to this appeal.
 {¶ 2} Appellant, Elijah Walls, Jr., was indicted for robbery, in violation of R.C. 2911.02(A)(2), and felonious assault, in violation of R.C. 2903.11(A)(2), both second degree felonies, stemming from a November 18, 1999 incident in Sandusky, Ohio. This action was assigned Case No. 00-CR-551. On the day of his trial, appellant accepted a plea arrangement whereby he pled guilty to the amended charge of attempted robbery, a third degree felony, and the felonious assault charge was dismissed.
 {¶ 3} Appellant was not present at two subsequent sentencing hearings, and was consequently indicted for two counts of failure to appear, a fourth degree felony in violation of R.C. 2937.29. This action became Case No. 00-CR-554.
 {¶ 4} A sentencing hearing in Case No. 00-CR-551 was held on October 19, 2000, wherein appellant moved to withdraw his guilty plea to attempted robbery. Appellant argued that at the time he entered the plea he had been under duress and had not realized the possible severity of the penalty, and that a witness who would have been helpful to his case was at the time being represented by appellant's attorney, and could not have testified without a conflict of interest. Appellant also argued that charges against a co-defendant in his case had been dropped, and that the former co-defendant was therefore willing to testify on appellant's behalf. The trial court denied appellant's motion, finding that appellant knew or should have known all of those things, and that he had not provided sufficient grounds for vacating his plea.
 {¶ 5} Another sentencing hearing was held on October 26, 2000 to consider both cases. Appellant was sentenced to two years incarceration for Case No. 00-CR-551. He also entered into another plea agreement, with respect to Case No. 554, in which he pled guilty to one count of failure to appear. The other count was dismissed and appellant was sentenced to six months incarceration, to be served consecutively to his two-year sentence. The sentences were memorialized in a judgment entry dated October 31, 2000.
 {¶ 6} Appellant filed a motion for leave to file a delayed appeal which this court granted, and the two cases were consolidated for the purposes of appeal. It is from the October 31, 2000 judgment that appellant appeals and asks this court to consider the following assignment of error:
 {¶ 7} "The Trial Court abused its discretion by denying Appellant's pre-sentence motion to withdraw his guilty plea."
 {¶ 8} Crim.R. 11(C)(2) states:
 {¶ 9} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 10} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 11} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 12} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 13} Appellant argues that the standard the trial court used in denying his motion to withdraw his guilty plea was different from what is set forth in the law, which resulted in an abuse of discretion. Appellant points to the court's use of the term "strict" in determining the grounds necessary for vacating a plea, and refers us to State v. Brewer
(Feburary. 16, 2001), 6th Dist. No. E-00-003 in support of his argument.
 {¶ 14} There were factors present in Brewer that indicated that the court had not given the defendant a fair hearing, including the fact that the court did not expressly state its findings that the defendant had committed the worst form of the offense. Id.
 {¶ 15} The Ohio Supreme Court defines abuse of discretion as an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83,87. An abuse of discretion involves far more than a difference in opinion. "In order to have an `abuse' in reaching a determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." Id.
 {¶ 16} A thorough review of the record reveals that such an abuse of discretion did not occur in the case before us. The transcript of appellant's plea hearing reveals that the trial judge addressed all of the requirements of Crim.R. 11 necessary to a determination of whether appellant's guilty plea was knowing, voluntary, and intelligent. Appellant acknowledged on the record that he understood he could receive a sentence of imprisonment for up to five years. Appellant also executed a written entry of his guilty plea. Throughout the process, the trial court permitted appellant to go off the record to discuss any questions he had with his attorney. Thus, the court had a reasonable and legitimate basis upon which to deny appellant's motion to withdraw his guilty plea.
 {¶ 17} The trial court's use of the term "strict" does not constitute error where the record reveals a reasonable and legitimate basis for the trial court's denial of the appellant's motion to withdraw his guilty plea.
 {¶ 18} Accordingly, we find no abuse of discretion, and appellant's assignment of error is not well-taken.
 {¶ 19} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.